Interim Decision #1625

MATTER OF CHAU

In Deportation Proceedings

A-15956130

Decided by Board July 27, 1966

Motion to reopen deportation proceedings to permit application for adjustment of status under the proviso to section 203(a)(7), Immigration and National-ity Act, as amended by P.L. 89-236, is denied since respondent, who has not been continuously physically present in the United States for a period of at least 2 years prior to his application, is statutorily ineligible for such re-lief, and further, since a record of permanent residence as a refugee under section 203(a)(7) can be created only in accordance with the procedures es-tablished for section 245 of the Act, and respondent, a crewman, is statu-torily ineligible for the benefits of section 245.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251]—Nonimmigrant (crewman)—Remained longer.

On November 12, 1965, the special inquiry officer granted the respondent's application for voluntary departure, but provided for his deportation from the United States to Hong Kong, alternatively to the Republic of China on Formosa, on the charge contained in the order to show cause, in the event of his failure to so depart.

In accordance with the foregoing decision, the date for the respond-ent's voluntary departure was set as December 14, 1965. Respondent, however, failed to so depart. Accordingly, a warrant for his de-portation was issued on February 2, 1966.

Thereafter, the respondent moved to reopen the deportation pro-ceedings against him to give him an opportunity to apply for adjustment of his status under the provisions of section 203(a)(7) of the Immigration and Nationality Act, as amended (8 U.S.C. 1103). Concomitantly, he requested a stay of deportation pending a decision on said motion, which was denied by the District Director at New York on March 18, 1966. Thereupon, action for a declara-tory judgment was filed in the United States District Court for the

746

Southern District of New York challenging the denial of the stay of deportation by the District Director, pending adjudication of the respondent's motion. Apparently, a decision has not yet been rendered.

On March 28, 1966, the special inquiry officer denied the respondent's motion to reopen the proceedings, on the ground that at this time he has no relief available to him under section 203(a)(7) of the Immigration and Nationality Act and that, therefore, no useful purpose would be served by reopening the proceedings. The appeal from that decision, which brings the case before this Board for consideration, will be dismissed.

The record relates to a 52-year-old male alien, married,[1] who is a native and citizen of China. He last entered the United States on or about August 23, 1965. He was then admitted as a nonimmigrant crewman, authorized to remain in this country for the period of time his vessel was to remain in port, but in no event to exceed 29 days.

The foregoing establishes the respondent's deportability on the charge contained in the order to show cause. This was conceded in the course of the hearing before the special inquiry officer, and is uncontested here. This aspect of the case, therefore, needs no further discussion.

The special inquiry officer granted the respondent's request for voluntary departure, which was originally the only relief sought in these premises. Suffice it to say, in this connection, that the record before us supports said official's action on this respect. The only additional comment required on the point is that the respondent failed to take advantage of that privilege.

Upon careful consideration of the entire evidence of record, together with the representations throughout, it is our judgment that the special inquiry officer has properly denied the respondent's motion to reopen the proceedings to permit him to apply for adjustment of his status as a refugee within the purview of section 203(a)(7, of the Immigration and Nationality Act, as amended, and thus qualify for conditional entry into the United States. Under the proviso to that section, immigrant visas shall be available in lieu of conditional entries to such aliens as have been continuously present in the United States for a period of at least two years prior to application for adjustment of status. The respondent last arrived in the United States as a crewman on August 23, 1965. Under the law, he is ineligible to apply for adjustment of status under the proviso

---

[1] His alien wife and their four alien children reside in Hong Kong.

to section 203(a)(7) of the Immigration and Nationality Act, as amended. His application as a refugee must be made outside the United States (8 CFR 235.9).

Under 8 CFR 245.4 adjustment of status under the proviso to section 203(a)(7) of the Immigration and Nationality Act is governed by section 245 of that Act and the regulations promulgated pursuant thereto. Under section 245 of the Act, as amended, such adjustment is not available to an alien who upon arrival was serving as a crewman. As stated, the respondent last arrived in this country on August 23, 1965, as a crewman.

In view of the foregoing, reopening of the deportation proceedings would be a useless act. It has been judicially determined that adjustment of status of aliens in the United States, under section 203(a)(7) of the Immigration and Nationality Act, must be carried out under section 245 of that Act; and that crewmen such as this respondent are ineligible therefor (See *Tai Mui* v. *Esperdy*, U.S.D.C., So. Dist., New York, 66 Civ. 316, 5/4/66).

While an appeal has been filed in the foregoing case, we feel that the decision therein, involving a factual situation substantially similar to that of the present case, provides an excellent analysis of the pertinent statutory and regulatory provisions and is dispositive of this appeal. For the reasons stated therein, which need no repetition here, reopening of these proceedings would serve no useful purpose.

The only additional comment required in this case is that we have noted counsel's contention that the Service is unduly delaying action on the visa petition filed in the respondent's behalf. Suffice it to say on this point that the matter thus raised is not properly for the consideration of this Board.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.